[No. 21271. Department One. August 30, 1928.]

*In the Matter of the Estate of* LILLIE M. MARTIN, *Deceased.*[1]

[1] APPEAL (218) — NOTICE — SERVICE UPON WHOM TO BE MADE — SURETY ON BOND TO EXECUTOR. Where the surety on a bond given to secure executor's fees was not a party to the proceeding, and did not appear, it was not a necessary party upon whom service must be made of an appeal by the executor from an order against the distributees, giving security for the executor's fees under Rem. Comp. Stat., § 1551, *et seq.*, even if the order appealed from constituted an invalid judgment against the sureties.

[2] EXECUTORS AND ADMINISTRATORS (166-1)—ACCOUNTING—COMPENSATION—BOND TO SECURE ON PARTIAL DISTRIBUTION. Upon a bond given by distributees as security for the executor's fees, under Rem. Comp. Stat., § 1551, conditioned to pay all the executor's fees, it is error to enter judgment on the bond, and for only a proportionate part of the fees, without directing that it be collected by suit if necessary, as provided in such act.

[3] SAME (166-1)—COMPENSATION—BOND TO SECURE—REMEDIES OF EXECUTOR—ACTION ON BOND. Where a note was taken by an executor with intent to defraud the heirs, he is properly charged with the amount in his final account.

Appeal from an order of the superior court for Spokane county, Huneke, J., entered January 26, 1928, in favor of the distributees, upon settling an executor's final account. Reversed.

*G. E. Lovell* and *C. T. McDonald,* for appellant.

*Williams & Cornelius,* for respondents.

MITCHELL, J.—This is an appeal by the executor from an order settling his final account in the matter of the estate of Lillie M. Martin, deceased.

In the course of the administration of the estate, and prior to the filing of the final account, upon a hearing of which due notice was given, certain real property

[1]Reported in 270 Pac. 108.

of the estate (which was treated by all parties and the court as of the value of $1,300) was set aside to Fleet Neafus and Nellie M. Snow, two of the heirs and devisees, upon their giving a bond with surety conditioned as required by order of the court.

Upon settling the final account, it appeared that all of the property of the estate had been disposed of except a small amount in cash, that the total amount chargeable against the executor was $2,325, and that, upon the approval, with minor corrections, of the expenditures reported and the fixing of attorneys' and executor's fees, there remained a balance due to the executor to settle his account. It appears from the record and argument of counsel for the respondent that the court added the amount of $1,300, the value of the property prematurely distributed to the heirs, to the $2,325, which was the value of other property passing through the administration, thus making $3,625, as the total value of the estate administered, in fixing the liability of the distributees and their surety, and included in the order the following provision:

"WHEREAS, a bond has been given by the heirs and whereas the Court finds that the heirs on said bond should be charged 1300/3625ths, of the deficit, if any, IT IS HEREBY ORDERED, that the bondsmen pay into Court under the said bond, the sum of One Hundred Thirty and 60/100 ($130.60) Dollars and are released from the obligation of said bond."

On behalf of the respondent, it is argued that the justification for this provision of the order is found in sections 1551, et seq., Rem. Comp. Stat., upon the subject of application, order and bond for distribution prior to final settlement, which provide for an order and bond with surety for the payment of the distributee's proportion of the debts of the estate, etc.

Because the final order by its terms provides that

"the bondsmen pay into court, etc.," and because the executor's notice of appeal was not served upon the surety on the bond given on the partial distribution, the respondents Neafus and Snow have moved to dismiss the appeal.

[1] If it be assumed, however, that the order requiring the bondsmen to pay the amount mentioned into court be construed as including the surety, and that it constitutes a judgment against the surety, we think the order unwarranted. The surety made no appearance in the settlement of the final account, nor does the bond provide that any judgment against the surety shall be included in the order settling the final account. Section 1556, Rem. Comp. Stat., relating to bonds given upon partial distribution, provides that, when any bond has been given under these sections,

". . . and the court shall determine that it is proper and necessary to require payment of any part of the money thereby secured, he may make an order requiring the payment and direct the executor or administrator to take such proceedings as may be necessary to enforce such payments, and such executor or administrator may, if the court so order, institute suit on the said bond for the collection of such sums."

Unless the surety voluntarily appears in the settlement of the account, or is properly served in a suit upon the bond, there can be no valid order or judgment against it in the sense that it must be served with notice of appeal. Neither of these things occurred here, and there was no necessity for serving the surety company with notice of appeal. The motion to dismiss the appeal is denied.

[2] On the merits, we cannot approve the order appealed from. Whatever the statute provides with reference to the terms of an order and bond upon partial distribution prior to final settlement, to secure

the payment of a proportion of the debts, etc., of the estate, the order in this case provides that the distributees,

". . . shall first deposit with the clerk of the above entitled court a good and sufficient surety bond, or cash, in the sum of $2,000, conditioned that in the event that after the executor's final account shall be filed, and the hearing had thereon, it shall develop that there is not sufficient property belonging to said estate, to pay the costs of administration and claims against the estate, and in the event that it shall be finally decided that the real estate above described would have been chargeable with said expenses of administration or claims against said estate, that in that event the said Fleet Neafus and Nellie M. Snow, will pay such costs of administration and claims against the estate as shall remain unpaid after the funds in the hands of the executor shall have been applied thereon, it being the intention hereby that said bond shall be substituted in all respects for said land for administration purposes, and shall be subject to any charges to which the land might have been subject were it not for this decree of distribution, and if it shall be determined that said land for any reason was not, or is not at the time of this decree subject to said charges, then said bond shall be released."

It will be noticed that the order did not provide for the eventual payment . by the distributees of any *proportion* of the costs and claims against the estate remaining unpaid after funds in the hands of the executor shall have been applied thereon; but it provided for the payment of such costs and claims. That is, all of them. That order was agreeable to and accepted by the distributees, respondents in this appeal; at least, it was made upon their application and they took no exception to its terms, nor did they appeal from it. The surety bond they gave upon the order is in the same terms in this respect. The executor was a party to the proceedings when that order was entered;

and upon settlement of his final account, it appearing there were not sufficient funds to meet all demands against the estate without resorting to the bond, he had the right to an order requiring payment, not of a part or proportion, but all, that was necessary to close the account, according to the terms of the obligation contained in the bond, and an order further requiring payment with directions to the executor to take such proceedings as might be necessary to enforce payment to the extent of instituting suit on the bond.

[3] By another assignment, the appellant claims that the court erred in charging him with a three hundred dollar promissory note taken by and payable to him as executor during the administration of the estate. The finding and order of the court in this respect was that the note was taken by the executor "with intent to defraud the heirs" and for that reason charged it against the executor. The evidence, in our opinion, preponderates in favor of the finding, and order, and we are not disposed to disturb the order in that respect.

Reversed, with directions to enter an order in favor of the executor for the whole amount necessary to settle the executor's account, and requiring it to be paid and directing the executor to collect by suit on the bond if necessary.

Fullerton, Tolman, Parker, and French, JJ., concur.